MATILDA H. COOKE v. PHILIP S. SCOVEL, TRUSTEE IN BANKRUPTCY OF GEORGE L. COOKE.

Argued June 3, 1902—Decided November 10, 1902.

The state courts have jurisdiction in an action of replevin brought against a trustee in bankruptcy, under the act of congress, who claims that the goods in controversy belonged to the bankrupt.

On *certiorari.*

Before Justices DIXON, HENDRICKSON and PITNEY.

For the plaintiff, *Howard Carrow.*

For the defendant, *F. Morse Archer.*

The opinion of the court was delivered by

Dixon, J.   In the District Court of Camden the plaintiff brought an action of replevin against the defendant, describing him as "trustee in bankruptcy for George L. Cooke, bankrupt." At the trial the question was raised by the court whether it had jurisdiction, the defendant being an officer of the United States Court having charge of the goods, and the defendant's counsel said he understood the court had jurisdiction, and made no objection to the trial; whereupon the trial proceeded, and judgment was rendered for the plaintiff. The defendant now seeks reversal of the judgment on the ground that the court had no jurisdiction because he was in possession of the goods as such trustee.

This subject was fully discussed in the opinion of the United States Supreme Court delivered by Mr. Justice Bradley in *Claflin* v. *Houseman, Assignee,* 93 *U. S.* 130, and the jurisdiction of the state courts was upheld. The true doctrine was declared to be, that, whenever the state courts are invested with appropriate jurisdiction, suited to the nature of the case, they may entertain suits respecting rights arising under the constitution and laws of the United States, unless they are forbidden by express provision or clear implication found in the federal law. We have discovered no such prohibition applicable to the present case. The seventh clause of the second section and the twenty-third section of the Bankruptcy law of 1898 confer jurisdiction on the District and Circuit Courts of the United States over controversies between the trustees of bankrupts and adverse claimants, but they contain no indication that the jurisdiction is exclusive.

The judgment under review should be affirmed, with costs.